# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| David Montanaro, Susan Montanaro, and Coastal Collision Works, LLC, ) ) ) | |
| Plaintiffs, ) ) | C.A. No.: 2:14-cv-01253-PMD |
| v. ) ) | **ORDER** |
| State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company, Becky Snelgrove, and Steve Fields, ) ) ) ) ) ) | |
| Defendants. ) ) | |

This matter is before the Court on Plaintiff David Montanaro, Susan Montanaro, and Coastal Collision Works, LLC's ("Coastal") (collectively "Plaintiffs") Motion to Remand pursuant to 28 U.S.C. § 1447. For the reasons set forth herein, Plaintiffs' Motion to Remand is granted.

## BACKGROUND

This action arises out of a business dispute between Plaintiffs and State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively "State Farm"). Plaintiffs allege that in January 2013, David and Susan Montanaro (collectively "Montanaros") opened Coastal, an automotive body repair shop in Charleston, South Carolina, after having previously operated a body repair shop in the Atlanta, Georgia area. As a body repair shop, Coastal repairs cars insured by State Farm and other insurers. Since January 2013, Plaintiffs and State Farm have disagreed over the reasonableness of the scope and cost of repairs performed by Coastal on automobiles of State Farm's insureds and claimants under State Farm policies.

On March 7, 2014, Plaintiffs commenced this action against Defendants in the Charleston County Court of Common Pleas, alleging the following causes of action: (1) defamation, (2) violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), and (3) breach of contract.[1] In this suit, Plaintiffs contend that State Farm sent letters to its customers concerning the repairs performed by Coastal that defamed Plaintiffs. Plaintiffs also claim that State Farm's practices in estimating and adjusting claims for repairs at Coastal violate the SCUTPA and are in breach of the contracts between State Farm and its insureds. Defendants deny these allegations.

Defendants filed a Notice of Removal on April 7, 2014, asserting that this Court has diversity jurisdiction over the matter. Defendants admit that Fields, who consents to removal, is a resident of the State of South Carolina, but they contend that this fact does not defeat diversity jurisdiction because Fields was fraudulently joined as a "sham" defendant. After Defendants answered the Complaint, Plaintiffs filed the instant Motion to Remand on April 17, 2014, maintaining that Fields is not a "sham" defendant and that this Court lacks diversity jurisdiction under 28 U.S.C. § 1332. Defendants filed their Response in Opposition to Plaintiffs' Motion to Remand on May 2, 2014. Plaintiffs' Motion to Remand is now ripe for consideration.

## STANDARD OF REVIEW

The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). District courts are obliged to construe

---

1. Although the Complaint asserts all three causes of action against the "State Farm Defendants," Plaintiffs concede in their Memorandum in Support of their Motion to Remand that they have not alleged a cause of action for breach of contract as to Mr. Fields. Defs.' Mem. Supp. of Pls.' Mot. Remand 5, ECF 8-1.
   With regard to jurisdictional facts, Plaintiffs allege that Coastal is a limited liability company organized and existing under the laws of the State of South Carolina by the Montanaros, who are also residents of South Carolina; that the State Farm Defendants are corporations organized and existing under the laws of a state other than South Carolina; that Snelgrove is a resident of a state other than South Carolina; and that Fields is a resident of the State of South Carolina. The Parties do not appear to dispute that the amount in controversy exceeds the jurisdictional amount.

removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Id.* Section 1447 of the United States Code provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Dixon*, 369 F.3d at 816; *see also Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) ("[C]ourts should 'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.'" (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993))).

## ANALYSIS

Defendants removed this matter from state court pursuant to 28 U.S.C. §§ 1441 and 1446. Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." § 1441(a). Defendants aver that removal is proper in this instance because the District Court has original jurisdiction to hear Plaintiffs' case pursuant to 28 U.S.C. § 1332. Under § 1332, federal district courts have original jurisdiction over a case if the action involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. § 1332(a). The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant. *See Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999); *see also* § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). This complete diversity requirement

3

"makes it difficult for a defendant to remove a case if a nondiverse defendant has been party to the suit prior to removal." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (footnote omitted). "A defendant may accomplish this feat, however, through the doctrine of fraudulent joinder, which allows 'a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Turner v. JP Morgan Chase Bank, N.A.*, 543 F. App'x 300, 301 (4th Cir. 2013) (per curiam) (quoting *Mayes*, 198 F.3d at 461).

Plaintiffs assert that this Court lacks subject matter jurisdiction because Defendant Fields, like Plaintiffs, is a citizen and resident of South Carolina. Defendants, however, contend that Fields is fraudulently joined—named solely to prevent Defendants from claiming diversity jurisdiction—and thus, that removal was proper. Therefore, the relevant question before the Court is whether Fields is fraudulently joined such that this action may be maintained in federal court.

"To show fraudulent joinder, the removing party must demonstrate either (1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley*, 187 F.3d at 424 (internal quotation marks omitted). Defendants do not allege or identify any bad faith in Plaintiffs' pleading of jurisdictional facts, so the Court need only inquire into whether Plaintiffs have any possibility of recovery against Defendant Fields. Where no such fraud in pleading is alleged, the party seeking the federal forum "bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.*; *see also Beaufort Cnty.*

4

*Sch. Dist. v. United Nat. Ins. Co.*, 519 F. Supp. 2d 609, 614 (D.S.C. 2007) (describing the standard as "among the most liberal in all of the law"); *Fleming v. United Teachers Assocs. Ins. Co.*, 250 F. Supp. 2d 658, 662 (S.D.W. Va. 2003) (referring to the standard as "draconian"). The plaintiff need not establish that he will ultimately succeed on his claims; "[t]here need be only a slight possibility of a right to relief." *Hartley*, 187 F.3d at 426. In order to determine whether a pleading is fraudulent, the court is not bound by the allegations of the pleadings, but instead it may consider the entire record and may determine the basis of joinder by any means available. *AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

The first cause of action Plaintiffs allege in their Complaint is for defamation. South Carolina courts "require a plaintiff to prove the following four elements to state a claim for defamation: '(1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.'" *Fountain v. First Reliance Bank*, 730 S.E.2d 305, 309 (S.C. 2012) (quoting *Erickson v. Jones St. Publishers, L.L.C.*, 629 S.E.2d 653, 664 (S.C. 2006)). Here, Plaintiffs allege:

> [T]he defendants have defamed plaintiffs and wrongfully discouraged its policyholders and claimants from using plaintiffs' services by writing and verbally contacting persons who were considering using the plaintiffs' services and falsely and with malice telling these prospective customers that plaintiffs "may charge more than the prices that are competitive in the market area or certain fees and costs that are not reimbursable by us (State Farm)." And that the customer "may be responsible for these charges[."]

5

Pls.' Compl. ¶ 11, ECF 1-1.  Further, Plaintiffs claim that Defendants[2] have "by inference accused the plaintiffs' [sic] of either charging excess prices or of doing work not reasonably required for the repair of the vehicle," which "has injured the plaintiffs' reputation by accusing plaintiffs of being unfair and dishonest in their trade and business." *Id.* ¶ 12.  Plaintiffs also assert that they have been "monetarily damaged by the loss of business proximately caused by the defendants' defamatory statements" and that they have "suffered damage to their reputation and are entitled to actual and punitive damages." *Id.* ¶ 14.

The Court concludes that these allegations are sufficient to find that Fields is not fraudulently joined.  *See Legette v. Nucor Corp.*, 2:12-CV-1020-PMD, 2012 WL 3029650, at *3–4 (D.S.C. July 25, 2012).  Plaintiffs have identified the subject matter of the statements allegedly made by Defendants and the third parties to which these statements were purportedly communicated.  Moreover, Plaintiffs claim that these statements were false and defamatory and, as a result, served to deter potential customers.  Having reviewed the record, the Court finds that, with the benefit of discovery, there is "at least some possibility" that Plaintiffs could establish their defamation claim against Fields at trial.  *Hartley*, 187 F.3d at 423.  Because federal courts are courts of limited jurisdiction, if there is any doubt as to whether Fields is an actual party in interest to this action, the matter should be remanded.  The Court reemphasizes that the burden is not on Plaintiffs to show a great likelihood of eventual recovery from Fields, but rather the burden falls to Defendants to show that Plaintiffs have no likelihood whatsoever of recovering from Fields.  *See, e.g.*, *Marshall*, 6 F.3d at 233 ("The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's

---

2.    Plaintiffs refer to Defendants collectively as "the defendants," "State Farm," and "State Farm Defendants," interchangeably.

favor."). Therefore, at this juncture, the Court cannot say that Plaintiffs have "no chance of establishing the facts necessary to support [their] tort claim[]." *Hartley*, 187 F.3d at 425.

Defendants argue that the Complaint does not state a colorable claim of defamation against Fields because Plaintiffs failed to plead any of the elements of defamation specifically with regard to Fields and because Plaintiffs similarly neglected to allege any supporting facts. In particular, Defendants note that Plaintiffs' Complaint and Motion to Remand fail to reference any defamatory statement or action by Fields and instead merely provide an unattributed quotation. Defendants insist that this unattributed quotation, included in Paragraph 11 of Plaintiffs' Complaint, "actually came from defendant Snelgrove," Defs.' Mem. Supp. of Pls.' Mot. Remand 5, and provide an excerpt of a letter from Snelgrove in support of this contention, *id.* Ex. A. However, based on the record, the Court cannot find that Fields himself did not also send such a letter or make a statement that included the language quoted in the Complaint.[3] Regardless, this is precisely the sort of issue that is best suited for "litigation itself, not a determination of jurisdiction." *Beaufort Cnty. Sch. Dist.*, 519 F. Supp. 2d at 614; *see also Hartley*, 187 F.3d at 425 ("[A] jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact.").

Defendants also cite and seek to rely on multiple cases dismissing defamation actions where the plaintiffs failed to plead their claims with sufficient particularity.[4] The Court again notes that the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at

---

3.  Indeed, discovery could reveal that Fields made the same or similar statements either in his individual capacity or on behalf of State Farm.
4.  Defs.' Mem. Supp. of Pls.' Mot. Remand 3 (citing *Simmons v. Sci. Int'l Applications Corp.*, CIV.A. 5:11-1426-TLW, 2012 WL 761716, at *3–4 (D.S.C. Feb. 13, 2012), *report and recommendation adopted*, CA 5:11-1426-TLW-JRM, 2012 WL 761726 (D.S.C. Mar. 8, 2012); *Sellers v. S.C. Autism Soc., Inc.*, CIV.A. 3:11-2163-CMC, 2012 WL 1015807, at *6 (D.S.C. Feb. 22, 2012), *report and recommendation adopted as modified*, 861 F. Supp. 2d 692 (D.S.C. 2012); *McNeil v. S.C. Dep't of Corr.*, 743 S.E.2d 843, 848 (S.C. Ct. App. 2013)).

424. Nevertheless, while it may be true that Plaintiffs have not pleaded their defamation claim with the requisite specificity as to Fields, if their Complaint is indeed deficient in this respect, it may also be lacking with regard to the diverse Defendants. *See McDowell Pharmacy, Inc. v. W. Va. CVS Pharmacy, L.L.C.*, 1:11-CV-0606, 2012 WL 2192167, at *6 (S.D. W. Va. June 14, 2012). In either case, this too represents "a quintessential merits determination that belongs in the state court." *Smith v. SmithKline Beecham Corp.*, CIV. 11-56-ART, 2011 WL 2731262, at *5 (E.D. Ky. July 13, 2011).

As noted by the Fourth Circuit, jurisdictional rules are designed to "direct judicial traffic" and "steer litigation to the proper forum with a minimum of preliminary fuss." *Hartley*, 187 F.3d at 425. In the context of removal, the jurisdictional rules are to be strictly construed, with any and all doubts regarding the propriety of federal jurisdiction resolved in favor of returning the matter to state court. *See Marshall*, 6 F.3d at 232. With these "rules of the road" in mind, the Court concludes that Defendants have not established that Plaintiffs fraudulently joined Fields in this action simply to avoid traveling in federal court. *See id.* ("The best way to advance th[e] objective [of the jurisdictional rules] is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.").

Accordingly, after considering the allegations in the Complaint and resolving all resulting issues of law and fact in Plaintiffs' favor, the Court finds that Defendants have failed to carry their heavy burden to show fraudulent joinder. The Court cannot say that Plaintiffs' failure to plead their Complaint with greater particularity necessarily precludes the possibility of establishing a defamation cause of action against Fields in state court. Having determined that remand is appropriate based on the defamation cause of action, the Court declines to comment on

the viability of Plaintiffs' SCUTPA claim against Fields.  To be clear, by no means does the Court express an opinion regarding the merits of either of Plaintiffs' claims against Fields.  The question of whether Plaintiffs may or will ultimately prevail on any claim against Fields, or any other Defendant, is not presently before the Court and is thus outside of the scope of this Order.  The Court merely concludes that, when affording Plaintiffs a standard of review more favorable than that applied to a motion to dismiss, it cannot find that Fields is fraudulently joined as a defendant in this action.

## CONCLUSION

Therefore, for the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**June 27, 2014**
**Charleston, South Carolina**

9